IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEANOLEE SIDBURY,
and all others similarly situated,

    Plaintiff,

v.

DUN & BRADSTREET EMERGING
BUSINESSES CORP., and DUN &
BRADSTREET CREDIBILITY
CORP.,

    Defendants.
_____/

C.A. No.: 1:19-cv-865
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEANOLEE SIDBURY (hereinafter sometimes referred to as "Plaintiff"), and all others similarly situated, by and through her undersigned counsel, hereby sues Defendants, DUN & BRADSTREET EMERGING BUSINESSES CORP., and DUN & BRADSTREET CREDIBILITY CORP. (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime,

liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.  This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants maintain offices in offices Travis County, Texas.

## THE PARTIES

4.  Plaintiff is an individual residing in Kenersville, North Carolina.

5.  Plaintiff, JEANOLEE SIDBURY, was employed by Defendant, DUN & BRADSTREET CREDIBILITY CORP. from February 10 2014, to approximately December 31, 2016.  Thereafter, due to the formation of a new corporate division, Plaintiff was employed by Defendant DUN & BRADSTREET EMERGING BUSINESSES CORP., from January 1, 2017, to the present.

6.  Defendants employed Plaintiff as an inside sales representative and paid her $13.00 per hour, plus commissions.  Some of Plaintiff's principle duties were to sell software marketed and sold by the Defendants to businesses throughout the United States.

7.     Defendant, DUN & BRADSTREET EMERGING BUSINESSES CORP., is a corporation existing under the laws of the State of Delaware and maintains offices in Austin, Texas.

8.     Defendant, DUN & BRADSTREET CREDIBILITY CORP., is a corporation existing under the laws of the State of Delaware and maintains offices in Austin, Texas.

9.     Defendant, DUN & BRADSTREET CREDIBILITY CORP., is a company that primarily operates as a business marketing and selling computer software and data services to business customers, and is an employer as defined by 29 U.S.C. § 203(d).

10.    Defendant, DUN & BRADSTREET EMERGING BUSINESSES CORP., is a company that primarily operates as a business marketing and selling computer software and data services to business customers, and is an employer as defined by 29 U.S.C. § 203(d).

11.    Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff and those similarly situated were employed.

12.    At all times material to this complaint, each Defendant, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, each Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employer of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiffs and those similarly situated were dependent upon Defendants for their employment.

15. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff, and others similarly situated, performed work relating to the handling and movement of goods and products for interstate commerce, and regularly utilized the channels of interstate commerce in performing the regular and recurring duties.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff and others similarly situated, 1) sold Defendant's products and services via telephone and computer; 2) did not hold positions considered as exempt under the FLSA; and, 3) were paid an hourly rate plus commissions.

17. Defendant employed over 100 inside sales representatives in various locations throughout the United States.

18. Throughout the employment of Plaintiff and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

19. Specifically, Plaintiff, and all others similarly situated, were only paid overtime based upon their hourly rates. Defendant did not include the commissions, cash awards, and other nondiscretionary compensation earned by the Plaintiff, and others similarly situated, when determining the regular rate of pay upon which the overtime rate is based. Defendants' failure to include commissions, cash awards, and other nondiscretionary compensation in the regular rate resulted in an underpayment of overtime compensation.

20. Plaintiff and those similarly situated who did not receive proper overtime compensation as described above had the following job titles:

   a) Account Manager – EB
   b) Credit Advisor (Existing) – EB
   c) Credit Advisor (NCA) -- EB
   d) Sr. Account Manager – EB
   e) Acquisition Sales Representative
   f) Hoovers – Account Manager (Premier)
   g) Hoovers – Acquisition Rep Chat
   h) Hoovers – Acquisition Rep Webforms
   i) Inside Sales Relationship Manager I
   j) Inside Sales Relationship Manager II
   k) Inside Sales Specialists – S&MS National Accounts
   l) Small Biz RM Corp Accts

- m) Small Biz – Tele RM I Corp Accts
- n) Small Biz – S&MS New Biz Specialist Corp Accts
- o) Small Business – NCA Rep Emerging
- p) Small Business – NCA Rep EB
- q) Small Business – NCA Representative
- r) Small Biz – Prime RM Corp Accts

21. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER EMPLOYEES OF DUN & BRADSTREET EMERGING BUSINESSES CORP., and DUN & BRADSTREET CREDIBILITY CORP., WHO WERE EMPLOYED AS INSIDE SALES REPRESENTATIVES IN THE FOLLOWING POSITIONS:

- a) Account Manager – EB
- b) Credit Advisor (Existing) – EB
- c) Credit Advisor (NCA) -- EB
- d) Sr. Account Manager – EB
- e) Acquisition Sales Representative
- f) Hoovers – Account Manager (Premier)
- g) Hoovers – Acquisition Rep Chat
- h) Hoovers – Acquisition Rep Webforms
- i) Inside Sales Relationship Manager I
- j) Inside Sales Relationship Manager II
- k) Inside Sales Specialists – S&MS National Accounts
- l) Small Biz RM Corp Accts
- m) Small Biz – Tele RM I Corp Accts
- n) Small Biz – S&MS New Biz Specialist Corp Accts
- o) Small Business – NCA Rep Emerging
- p) Small Business – NCA Rep EB
- q) Small Business – NCA Representative
- r) Small Biz – Prime RM Corp Accts

22. This action is properly brought as a collective action for the following reasons:

    a.    The Class is so numerous that joinder of all Class Members is impracticable.

    b.    Numerous questions of law and fact regarding the liability of Defendant, are common to the Class and predominate over any individual issues which may exist.

    c.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d.    Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

    e.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

    f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Defendant acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

23.    For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job

requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

24. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

25. Defendants' policy of not properly paying overtime is company-wide and inside sales representatives throughout the United States, employed by Defendants during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

26. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

27. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours

worked in excess of 40 per workweek.

30. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

31. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, JEANOLEE SIDBURY, and all others similarly situated, demand Judgment against Defendants for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as

the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JEANOLEE SIDBURY, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this September 4, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**