IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEANOLEE SIDBURY, *and all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-865-RP |
| DUN & BRADSTREET EMERGING BUSINESSES CORP. and DUN & BRADSTREET CREDIBILITY CORP., | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Jeanolee Sidbury's ("Sidbury") Motion for Conditional Certification. (Dkt. 19). Having considered the parties' arguments, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") action concerning overtime compensation for employees of Defendant Dun & Bradstreet Emergency Business Corporation and Defendant Dun & Bradstreet Credibility Corporation (together "Defendants"). (Compl., Dkt. 1, at 3). Sidbury alleges that she and similarly situated employees, "inside sales representatives," were only paid overtime based upon their hourly rates, which incorrectly did not include commissions, cash awards, and other non-discretionary compensation. (*Id.* at 5). Sidbury alleges Defendants' "common practice, policy or plan regarding employee wages and hours" resulted in underpayment of overtime compensation and that Defendants "repeatedly and willfully" violated Sections 7 and 15 of the FLSA. (*Id.* at 5, 8).

1

A related case was previously filed against Defendants—*Matise v. Dun & Bradstreet*, Case No. 1:18-cv-725-YL. (*See* Mot. Certify, Dkt. 19, at 2; Resp. Mot. Certify, Dkt. 23, at 2–4). The plaintiff in *Matise* and Defendants came to a pre-conditional certification settlement that offered a settlement amount to all inside sales representatives who opted in. (Mot. Certify, Dkt. 19, at 3). The settlement included 100% of each individual's overtime backpay and an additional 60% in liquidated damages. (Resp. Mot. Certify, Dkt. 23, at 5). All inside sales representatives were given notice of the offer, 150 opted in, and 457 did not. (Mot. Certify, Dkt. 19, at 3). Sidbury did not opt in to the settlement and subsequently filed this lawsuit. (*Id.*). Since then, Defendants unilaterally paid the overtime backpay owed to the 457 employees who did not accept the settlement in *Matise.* (*Id.* at 4). Those 457 employees were not paid any liquidated damages. (*Id.*). Sidbury, who has not received any backpay from Defendants, seeks overtime backpay and liquidated damages for herself, and also seeks conditional certification for liquidated damages for the 457 employees who did not previously opt in to the *Matise* settlement but were subsequently paid their backpay wages. (*Id.*).

Sidbury seeks to certify this action as a collective action under the FLSA. (Mot. Certify, Dkt. 19, a 1–2 (citing 29 U.S.C. § 216(b))). To that end, she asks the Court to certify the following class and order that notice be sent to the following potential class members:

> All Inside Sales Representatives employed by Defendant Dun & Bradstreet Emerging Businesses Corp., Dun & Bradstreet Credibility Corp., Dun & Bradstreet, Inc. or Avention, Inc. in the job titles of: Account Manager – EB, Credit Advisor (Existing) – EB, Credit Advisor (NCA) – EB, Sr Account Manager – EB, Acquisition Sales Representative, Hoovers - Account Manager (Premier), Hoovers - Acquisition Rep Chat, Hoovers - Acquisition Rep Webforms, Inside Sales Relationship Manager I, Inside Sales Relationship Manager II, Inside Sales Specialists- S&MS National Accounts, Small Biz RM Corp Accts, Small Biz- Tele RM I Corp Accts, Small Biz-S&MS New Biz Specialist Corp Accts, Small Business - NCA Rep Emerging, Small Business - NCA Rep EB, Small Business - NCA Representative or Small Biz - Prime RM Corp Accts who rejected the settlement of their overtime claims in the case of Matise v. Dun & Bradstreet Case No. 1:18-cv-00725-LY, in the Western District, Austin Division.

(*Id.* at 7). Defendants oppose class certification on several grounds. (*See* Resp. Mot. Certify, Dkt. 23).

## II. LEGAL STANDARD

The FLSA permits one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Under this provision, other similarly situated employees "do not become plaintiffs in the action unless and until they consent in writing." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008). "To keep the opt in process efficient, district courts 'have discretion' to 'facilitat[e] notice to potential plaintiffs.'" *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). The Fifth Circuit has approved of two different methods for certifying an FLSA collective action, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), and this Court uses the "two-step conditional certification process known as the *Lusardi* approach." *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 513 (W.D. Tex. 2015).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1216. At the notice stage, the district court determines whether "the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Because the Court has "minimal evidence" at this stage, the determination is made "using a fairly lenient standard," resulting in only the "conditional certification" of a representative class. *Dyson*, 308 F.R.D. at 513 (quoting *Mooney*, 54 F.3d at 1214). "After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated." *Id.* at 512–13 (citing *Mooney*, 54 F.3d at 1214).

3

Sidbury's motion brings this action to the notice stage. At this stage, several considerations apply. First, Sidbury bears the burden of making the preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 995 (E.D. Tex. 2011). But that burden is a lenient one:[1] Sidbury must establish nothing more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n.8. To determine whether an FLSA plaintiff has met his or her burden, courts often look at "whether potential plaintiffs were identified, . . . whether affidavits of potential plaintiffs were submitted, . . . and whether evidence of a widespread discriminatory plan was submitted." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citations omitted).

Second, in evaluating Miller's motion, the Court's determination at this stage is "based on the pleadings and affidavits of the parties." *In re JPMorgan Chase & Co.*, 916 F.3d at 500. The Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lay v. Gold's Gym Int'l, Inc.*, SA-12-CV-754-DAE, 2013 WL 5595956, at *5 (W.D. Tex. Oct. 4, 2013) (quoting *Brasfield v. Source Broadband Servs., LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009)). Indeed, at this stage, "courts must be scrupulous to respect judicial neutrality," and must therefore "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174.

### III. DISCUSSION

---

[1] While the notice stage "typically results in conditional certification," *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012), it is by "no means mandatory." *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 759 (N.D. Tex. 2013); *see also Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008) ("While the plaintiffs' burden at th[e notice] stage is not onerous, neither is it invisible."). Nonetheless, "the remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively." *Tolentino v. C & J Spec– Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (cleaned up).

Sidbury was employed by Defendant Dun & Bradstreet Credibility Corporation from February 10, 2014 to December 31, 2016. (Compl., Dkt. 1, at 2). Sidbury was subsequently employed by Defendant Dun & Bradstreet Emerging Business Corporation from January 1, 2017 to the present. (*Id.*). Defendants are companies that market and sell computer software and data services to business customers. (*Id.* at 3). Defendants paid Sidbury $13.00 per hour, plus commissions. (*Id.*). Sidbury alleges that others similarly situated to her sold Defendants' products and services via telephone and computer and were also paid hourly plus commissions and did not hold positions considered exempt under the FLSA. (*Id.*). Sidbury further alleges that she and others similarly situated were only paid overtime based upon their hourly rates, and not based on their commissions, cash awards, and other nondiscretionary compensation earned. (*Id.* at 5). Sidbury alleges that she and potential class members all "have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common, practice, policy or plan regarding employee wages and hours." (*Id.* at 8). Sidbury alleges that this overtime policy was company-wide and deprived employees of overtime during the three years prior to the filing of this action. (*Id.*). Sidbury further claims that she and all others similarly situated are entitled to liquidated damages equal to the amount of unpaid overtime because Defendants showed reckless disregard and acted unreasonably by failing to comply with the FLSA. (*Id.* (citing 29 U.S.C. Section 216(b))).

Defendants have several objections. Defendants first argue that Sidbury has not established she is similarly situated to the potential class. (Resp. Mot. Certify, Dkt. 23, at 9). Second, Defendants argue that Sidbury offers no evidence that similarly aggrieved individuals want to participate in the class. (*Id.* at 12). Third, Defendants argue that conditional certification would be an exercise in futility because these individuals previously denied the opportunity to join the litigation in *Matise*. (*Id.* at 14). The Court will address each issue in turn.

### 1.   Is Sidbury similarly situated to the potential class?

At the notice stage, the district court determines whether "the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo*, 600 F.3d at 519. Notice is appropriate when there is "a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *West v. Phelps Dodge Ref. Corp.*, No. EP-07-CA-197-FM, 2009 WL 10700216, at *9 (W.D. Tex. Jan. 27, 2009).

Defendants argues that Sidbury's interest and injury is too different from the other potential class members because Sidbury is seeking backpay in addition to liquidated damages, while class members are only eligible for liquidated damages.[2] (Resp. Mot. Certify, Dkt. 23, at 10). Defendants assert that Sidbury does not "possess the same interest and suffer the same injury" as the potential class members. (*Id.* (citing *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). In response, Sidbury argues that at the notice stage, a plaintiff need only show class members were victims of a single decision, policy, or plan. (Reply Mot. Certify, Dkt. 26, at 2). Sidbury is correct. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). Further, the Court finds

---

[2] Sidbury attempts to argue in her reply that the compensation offered to the potential class members after this lawsuit was filed only covered 96% of backpay, so the potential class members are still owed 4% of their backpay. (Reply Mot. Certify, Dkt. 26, at 1). However, this is a misrepresentation of the Defendants' response, which states that the settlement in *Matise* resulted in individuals getting 96% of their overtime backpay after attorneys' fees. (Resp. Mot. Certify, Dkt. 23, at 5). This motion for class certification is focused only on the individuals who were paid after the *Matise* settlement, who the motion itself states were unilaterally paid the backpay they were owed, (Mot. Certify, Dkt 19, at 4). There is no indication that more backpay is owed to anyone besides Plaintiff. The Court will only consider Sidbury's motion for class certification to apply to the claim for liquidated damages. (*See* Mot. Certify., Dkt. 19, at 4 ("Plaintiff now seeks conditional certification so that these 457 workers can claim the liquidated damages they deserve under the FLSA and Plaintiff can also receive her unpaid overtime in addition to her claim for liquidated damages.")).

that Sidbury and the potential class members' claims all center on the same factual nexus and injury—underpayment of overtime wages.

To meet her burden, Sidbury has asserted that all the potential class members were subject to the same overtime payment policy by Defendants. (Compl., Dkt. 1, at 8; Reply Mot. Certify, Dkt. 26, at 2 (explaining that the "*Matise* settlement laid out a policy of not including commissions when calculating overtime for inside sales representatives")). Sidbury's individual claim to overtime backpay requires a showing that Defendants inaccurately calculated her overtime. This is also a threshold issue for both Sidbury and the potential class members' liquidated damages claims, as those claims are based on the same FLSA violation. Sidbury and the potential class members' claims to liquidated damages also require a showing that Defendants did not act reasonably for in good faith. (*See* 29 U.S.C. Section 216(b); *Gallegos v. Equity Title Co. of Am.*, 484 F. Supp. 2d 589, 598 (W.D. Tex. 2007)). Thus, Sidbury's backpay claim and the potential class member's liquidated damages claims share a common question of whether overtime was inaccurately calculated. *See Hester v. Phillips 66 Co.*, No. CV H-18-1078, 2019 WL 1930271, at *3 (S.D. Tex. Apr. 30, 2019) ("Courts have favored collective actions when a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, because a collective action proceeding may 'reduce litigation costs for the individual plaintiffs and create judicial efficiency.'").

Defendants further argue that Sidbury does not have the same claims and defenses as the purported class members because some class members may have been exempt from overtime pay as commissioned employees and may have received discretionary types of compensation, whereas Sidbury only occupied one of the eighteen jobs at issue and received only some of the types of compensation. (Resp. Mot. Certify, Dkt. 23, at 10–11). Nonetheless, Sidbury is still similarly situated to the potential class even if class certification requires some individualized inquiries into different

jobs positions and types of compensation received. It is true that proof of these allegations will

require, to a certain degree, an individualized analysis of each employee's positions and the type of

compensation received. (*See id.*). But Sidbury's allegations describe a common policy of inaccurately

calculating overtime, provable by evidence common to the class, which again creates a "factual

nexus" between the potential plaintiffs' claims. *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d

703, 720 (S.D. Tex. 2014). These allegations are enough to find Sidbury's potential plaintiffs similarly

situated under Section 216(b) at this stage, notwithstanding the fact that proof of each plaintiff's

damages will be individualized. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir.

2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) (finding the class

members to be similarly situated "because their claims were unified by common theories of

defendants' statutory violations, even if the proofs of these theories are inevitably individualized and

distinct").

        As a result, Sidbury has sufficiently alleged that the potential class members were victims of

the same overtime payment plan and that resolving the liquidated damages claims will revolve

around a similar nexus of facts as Sidbury's backpay claim. Sidbury has alleged facts and claims

showing she is similarly situated to the potential class members.

### 2. Is There Enough Evidence of Other Interested Plaintiffs?

        Next, Defendants argues that conditional certification is inappropriate because Sidbury has

not identified other interested plaintiffs. (Resp. Mot. Certify, Dkt. 23, at 12–13.). While it is true that

some courts require more concrete evidence of interested potential plaintiffs at the conditional-

certification stage, this Court has previously held that such a requirement is not based on the FLSA

and is indeed inconsistent with the FLSA. *See Townsend v. Cent. Pony Express, Inc.*, SA-17-CV-00552-

OLG, 2018 WL 2432962, at *2 (W.D. Tex. Jan. 26, 2018) ("After reviewing the applicable law, the

court finds that a plaintiff does not necessarily need to present evidence at this stage of specific individuals who actually wish to opt in to the lawsuit."); *Contreras v. Land Restoration LLC*, 1:16-CV-883-RP, 2017 WL 663560, at *7 (W.D. Tex. Feb. 17, 2017) (quoting *Black v. SettlePou, P.C.*, 2011 WL 609884 at *3 (N.D. Tex. Feb. 14, 2011)) ("Requiring Plaintiffs to identify and obtain preliminary support from potential class members is 'putting the cart before the horse.'").

Moreover, to the degree evidence is necessary, Sidbury has presented at least some evidence of other plaintiffs. Namely, in her reply, Sidbury offers another individual who has consented to join the lawsuit, Tracie Foster. (Reply Mot. Certify, Dkt. 26, at 3; Foster Consent to Join, Dkt. 25). Foster's intent to join the litigation is enough evidence of other potential plaintiffs at this stage in the litigation, and the Court finds this sufficient to carry Sidbury's burden at this early stage. *See, e.g.*, *Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F.Supp.2d 642, 653 (S.D. Tex. 2010) (finding two declarations of similarly situated individuals and complaint sufficient to demonstrate existence of employees who would opt in).

### 3. Is Conditional Certification an Exercise in Futility?

Defendants argue that the potential class members are unlikely to join this litigation because they previously declined to join *Matise*, have since been paid their backpay, and have less liquidated damages available to them now than they did during *Matise*. (Resp. Mot. Certify, Dkt. 23, at 14). In response, Sidbury argues that declining to join the *Matise* settlement should have no bearing on whether potential class members may pursue their liquidated damages claims as a class. (Reply Mot. Certify, Dkt. 26, at 2–3). The Court agrees. "Individuals may have myriad reasons for not wishing to opt-in to a lawsuit against their employer ranging from fear of retaliation to sheer inertia." *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 538 (S.D. Tex. 2008). For instance, Sidbury suggests that potential class members may have declined to join the *Matise* settlement out of fear of retaliation

from their employers, but class members have now seen that participants "in the *Matise* settlement have not suffered retaliation from Defendants." (Reply Mot. Certify, Dkt. 26, at 2–3).

Regardless of their reasons for declining to opt in to the *Matise* settlement, potential class members should have the opportunity to bring their claims for liquidated damages. The *Matise* settlement left class members who had opted out of the settlement the opportunity to bring claims in the future. (Fairness Hearing Transcript, Dkt. 23-2 (Plaintiff's attorney explaining that the *Matise* settlement "doesn't prohibit those who choose not to participate from pursuing their own claims")). Further, just because Defendants have paid potential class members' backpay does not mean that additional claims for liquidated damages, also possible under the FLSA, are precluded. (*See* 29 U.S.C. § 216(b)).

For the reasons given above, the Court finds that Sidbury's proposed class, applied only to liquidated damages, should be conditionally certified.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Sidbury's Motion for Conditional Certification, (Dkt. 19), is **GRANTED**. The Court conditionally certifies a class of

> All Inside Sales Representatives employed by Defendant Dun & Bradstreet Emerging Businesses Corp., Dun & Bradstreet Credibility Corp., Dun & Bradstreet, Inc. or Avention, Inc. in the job titles of: Account Manager – EB, Credit Advisor (Existing) – EB, Credit Advisor (NCA) – EB, Sr Account Manager – EB, Acquisition Sales Representative, Hoovers - Account Manager (Premier), Hoovers - Acquisition Rep Chat, Hoovers - Acquisition Rep Webforms, Inside Sales Relationship Manager I, Inside Sales Relationship Manager II, Inside Sales Specialists- S&MS National Accounts, Small Biz RM Corp Accts, Small Biz- Tele RM I Corp Accts, Small Biz-S&MS New Biz Specialist Corp Accts, Small Business - NCA Rep Emerging, Small Business - NCA Rep EB, Small Business - NCA Representative or Small Biz - Prime RM Corp Accts who rejected the settlement of their overtime claims in the case of Matise v. Dun & Bradstreet Case No. 1:18-cv-00725-LY, in the Western District, Austin Division.

**IT IS FURTHER ORDERED** that Defendants shall provide Sidbury's counsel with a complete and accurate list of names, last known addresses, and telephone numbers of the potential class members on or before **October 27, 2020**.

**IT IS FINALLY ORDERED** that the parties shall confer about the form and content of class notice, as well as a proposed schedule for issuing that notice, receiving responses, and briefing for decertification. The parties shall submit a joint proposed class notice and schedule **on or before October 27, 2020**. If the parties cannot agree on the class notice or schedule, they shall submit a joint advisory **on or before October 27, 2020**, in which they describe the areas of their disagreement.

**SIGNED** on October 13, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE